**LINDSEY et ux. v. WILLIAMS et al.**

**No. 6250.**

Court of Civil Appeals of Texas. Texarkana.
Nov. 14, 1946.

Edwin M. Fulton and Mat Davis, both of Gilmer, and W. C. Hancock, of Pittsburg, for appellants.

Florence & Florence, of Gilmer, for appellees.

HALL, Chief Justice.

Appellants' statement of the case is:

"This suit was filed by the appellees in trespass to try title on March 1st, 1946. The appellants filed an answer consisting of a general denial, and on March 30th, 1946, filed a cross action, in which they alleged that the property in question belonged to the appellees, but that they had, on or about November 15th, 1945, entered into a verbal lease with the appellees for the premises until June 1st, 1946, and that they had entered into an additional agreement with the appellees for the execution of a written lease beginning June 1st, 1946, for a period of two years. Appellants further alleged that in pursuance to such parol agreements they had made permanent and valuable improvements upon the premises in question. On the 29th day of April, 1946, the appellants made their first motion for a continuance on the ground that the appellant, Laura Belle Lindsey, was sick and unable to attend court. On May 3rd, 1946, appellees filed a motion to sever appellants' cross action insofar as the same related to damages and compensation for valuable improvements from their action in trespass to try title because the motion for continuance, they admitted, was good and would have to be granted. On May 3rd, 1946, appellants filed their first amended answer and cross action, to which appellees, through their attorney, answered, by requesting in open court and obtaining from appellants' attorneys permission to have the answer they had filed on April 30th, 1946, considered as the answer to such amended answer and cross action. On May 3rd, 1946, the court sustained a motion made by the appellees to strike the appellants' answer and cross action filed that day, and entered judgment on the appellees' motion, severing appellees' trespass to try title suit from the remainder of the case. Appellants then requested leave of the court to file a plea of not guilty, which was refused by the court, and the court proceeded to enter judgment on that day, without any evidence whatever being offered, in favor of the appellees for title and possession of the premises involved, holding, however, that the appellees were not entitled to possession until June 1st, 1946."

This statement is not challenged by appellees; they have not even taken the time to file a brief. Under Rule 419, T. R. C. P., appellants' statement is taken as true.

Appellants' Point No. 3 is:

"This case should be reversed and remanded because the trial court erred in striking appellants' first amended answer and cross action after the appellees had, through their attorneys, answered thereto."

This point raises a serious question. Appellants assert in their uncontradicted statement that on the day of the trial

they filed their amended answer and cross action "to which appellees, through their attorney, answered, by requesting in open court and obtaining from appellants' attorneys permission to have the answer they had filed on April 30th, 1946, considered as the answer to such amended answer and cross action." This contention is borne out by the findings of the trial court, reading:

"The matter came on for hearing at eleven o'clock, and was postponed until one o'clock, to give the plaintiffs further time on their said motion and the defendants further time for the purpose of filing an amended answer; said postponement being until one o'clock of said May 3, 1946. At said time the defendants presented its amended answer and the Court indicated that he thought it undoubtedly pleaded a defense to the Statute of Frauds, although the former answer which had been on file for some time did not do so, at least beyond June 1, 1946, but that he thought the amended answer might have come late, but that he would entertain a motion to strike it. Said motion was made to strike by plaintiffs' attorney, whereupon the Court refused to permit said amended answer to be filed. Immediately prior thereto during colloquy between counsel something was said by the plaintiffs' attorney about their former answer being considered as an answer to said amended answer, which was now offered for filing for the first time. The defendants' attorney nodded assent to this, but the Court did not concur or approve the same, because it did not suit him, for the reason that he thought the case ought to be disposed of in view of the previous answer herein, which was in effect sworn to, and which at one time or other had been indicated by some of the defendants' attorneys to not entitle them to possession or any rights to said premises beyond June 1, 1946."

Rule 63, T.R.C.P., provides in part:

"That any amendment (pleading) offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the judge is obtained, *which leave shall be granted by the judge unless there be a showing that such amend-ment will operate as a surprise to the opposite party."* (Italics ours.)

It will be noted in the findings of fact set out above the trial judge states that he postponed the trial of this cause from eleven o'clock until one o'clock, on May 3rd, "to give the plaintiffs (appellees) further time on their said motion (to sever), and the defendants further time for the purpose of filing an amended answer" (the answer here in question). The court also states in his findings that appellants' amended answer "undoubtedly pleaded a defense to the Statute of Frauds." This being true, the stricken pleading certainly presented a defense to the appellees' present right to possession of the building and lot in controversy. There is nothing in the record which shows, or even intimates, that appellees were surprised by the allegations in appellants' amended answer and cross-action. On the contrary, the record reflects that they had impliedly agreed to the filing of said amended answer by securing an agreement from appellants' counsel that appellees' answer filed on April 30, 1946, four days before, should be considered an answer to appellants' amended answer. While it is true that Rule 63 prescribes that amended pleadings by either party filed within seven days before the date of trial must be with the consent of the court, the same rule prescribes also that the judge shall permit the filing of the amendment "unless there be a showing that such amendment will operate as a surprise to the opposite party." No such showing was made in this case and it is reasonable to presume that the appellees were not surprised at the contents of the answer, because of agreement between the parties detailed next above. The rule with respect to the filing of amendments is liberally construed, as is shown by the several procedure rules relating thereto. The question with respect to procuring the consent of the trial court before filing an amended motion for a new trial was before the Supreme Court in the case of W. C. Turnbow Petroleum Corporation v. Fulton, Tex.Sup., 194 S.W.2d 256, 258, in which it was held: "However, in our opinion, an *amended pleading* or motion filed without first obtaining leave is not

always to be treated as of no effect whatever." (Italics ours.) We see no reason why a similar construction should not be placed upon the wording of Rule 63 with respect to the amended answer and cross-action of appellants, especially where no showing of surprise by the opposite party was shown. In our opinion, the trial court was not justified in striking appellants' amended answer and cross-action. This point is sustained.

The other questions brought forward, in our opinion, will not occur upon another trial, and for that reason we shall not pass upon them.

The judgment of the trial court is reversed and the cause remanded.