278

## DONNELLY v. DONNELLY.
### No. 15004.

Court of Civil Appeals of Texas.
Fort Worth.

March 11, 1949.

Rehearing Denied May 6, 1949.

Lester C. Boone, of Midland, and T. E. Frossard, of Dallas, for appellant.

D. C. Proctor, Joe F. Orr and Lloyd E. Price, all of Fort Worth, for appellee.

McDONALD, Chief Justice.

Catherine Donnelly died testate in 1932. Her will left her residuary estate in equal shares to her seven children, one of whom was Garrett J. Donnelly. Garrett died in 1934. The plaintiff Jack Donnelly, his adopted son, is the sole beneficiary under his will.

George A. Donnelly, the defendant, is the independent executor of Catherine Donnelly's estate, which is still in process of administration. Administration on Garrett J. Donnelly's estate has been closed.

Jack Donnelly brought this suit against George A. Donnelly, seeking a recovery against him both individually and as independent executor of Catherine Donnelly's estate. Judgment was rendered for defendant on an instructed verdict, from which plaintiff has appealed.

Plaintiff's petition is lengthy, and refers to many alleged transactions of the independent executor. The suit in effect is to

recover his father's share in the residuary estate of Catherine Donnelly.

From the recitals of the judgment, and from so-called findings of undisputed fact and conclusions of law filed by the trial court, it appears that the trial court rendered judgment for defendant on the theory that the evidence established without dispute (1) that all claims asserted by plaintiff in the suit had been composed and finally settled at a family council in 1933, during the lifetime of Garrett J. Donnelly, (2) that plaintiff's claims were barred by the two and the four year statutes of limitations, Vernon's Ann.Civ.St. arts. 5526, 5529, (3) that plaintiff was estopped in law and in equity by his words and those of his father, (4) that all the matters in controversy set out in plaintiff's petition had been fully adjudicated, and were resolved and settled, by a judgment in the District Court of Tarrant County in Cause No. 26,717-A, styled Donnelly v. Eastland Oil Co., and in the Probate Court of Tarrant County, and (5) that plaintiff's claims had been settled by a certain release executed by plaintiff, hereafter more fully described.

█ In view of the instructed verdict, the evidence must be viewed in the light most favorable to plaintiff, the appellant here.

Appellant's first point of error is that the trial court should not have found as a matter of law that Garrett Donnelly renounced, disclaimed and waived his interest in his mother's estate at a family council in 1933. In his statement under this point appellant refers to testimony of named witnesses, with appropriate references to the statement of facts. Appellee makes no reference in his brief to this first point of error, none of his three counter-points is related to it, and he does not challenge appellant's statements as to the facts pertinent to the matter of the family council. Rule 419, Texas Rules of Civil Procedure, reads as follows:

"Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party."

█ Where appellee does not challenge such statements found in appellant's brief, we are not required to search through the record to determine whether or not appellant's statements as to the facts are correct. We are permitted to accept them as correct. So doing, we must sustain appellant's first point of error, the effect of which is to say that the judgment of the trial court will not be upheld on the ground that Garrett Donnelly renounced his interest in his mother's estate in the alleged family council of 1933.

Appellee's version of the facts supporting the defense of limitations, according to his brief, is somewhat as follows: Mrs. Catherine Donnelly died in 1932. Garrett Donnelly died in 1934. In 1935 it was adjudged by order of the probate court that the balance due from Garrett's estate to his mother's estate was $3726.57. Appellant's disabilities of minority were removed by judgment of the district court in 1937. Appellant was appointed administrator de bonis non of Garrett Donnelly's estate in 1939. The present suit was filed in 1947. In the order appointing appellant administrator of his father's estate he was ordered to make a search for and to reduce to judgment each and every claim or chose in action belonging to such estate. Appellant brought a suit against George A. Donnelly, although not in his capacity as executor of the Catherine Donnelly estate, which suit will be more fully discussed later. Appellee argues that as a matter of law every claim which the Garrett Donnelly estate might have had against any one had become barred before 1947. Appellee says that in 1939 he told appellant that the latter did not have anything coming to him from the Catherine Donnelly estate. Appellant says that some of the property now in appellee's hands as executor was only recently discovered as assets of the estate. That his suit is one for an accounting and for an interest in an estate and was brought against appellee in the latter's fiduciary capacity. That the Catherine Donnelly estate was still in process of administration at the time of trial in the present suit, and had not been finally closed and distributed. That the executor, the appellee, still has certain valuable oil lands in his possession, and that all of the debts of the estate have not been paid. Appellant argues that the

280 ■ 

evidence concerning the claimed repudiation by appellee of his trust in 1939 was conflicting. Appellant testified that he had frequently inquired of appellee about appellant's interest in the Catherine Donnelly estate, and that each time he did so appellee advised him that he would receive anything he might have coming to him when the estate was wound up. He said that he asked appellee for some money in 1940, but denied that appellee had ever told him that he had nothing coming. He said that at all times until shortly before he filed this suit he believed appellee's representations that appellant would receive his interest in the estate when it was wound up.

■ We think that the least that can be said in appellant's favor on the question of limitation is that there was a conflict in the evidence about it, such as to preclude an instructed verdict for the appellee.

The defenses of res adjudicata and release will be discussed together.

As shown above, Garrett Donnelly, appellant's adoptive father, died in 1934. Appellee was appointed administrator with the will annexed. He closed the administration in 1935. In 1939 appellant was appointed administrator de bonis non of his father's estate, and was ordered to seek out and reduce to judgment any claim or chose of action in favor of such estate. The quarry in immediate prospect at the time was a claim in excess of $50,000 based on certain policies of insurance on the life of Garrett Donnelly, the proceeds of which had been paid to a certain corporation of which Garrett Donnelly had once been an officer. Suit was brought on such claim in the 48th District Court, in Tarrant County, against Eastland Oil Company and against George A. Donnelly, the basis of the suit being that Eastland Oil Company, the nominal beneficiary in the policies, had no insurable interest in Garrett Donnelly's life at the time of his death. An agreed judgment was entered in said suit, pursuant to the terms of which $50,000 was paid to appellant as the administrator of his father's estate. Contemporaneously with the agreed disposal of such suit, a release was executed by the parties. The probate court by appropriate order approved the settlement.

■ Under elemental rules it is obvious that the agreed judgment just referred to, and the order of the probate court approving it, are not res adjudicata of the issues raised in the present suit, because in the 48th District Court suit there was no claim made against the Catherine Donnelly estate nor against George A. Donnelly as executor of such estate. The Catherine Donnelly estate was not a party to the suit. George A. Donnelly was a defendant in his individual capacity and as an officer of the Eastland Oil Company, but the suit and the issues therein involved simply had nothing to do with any claim or cause of action against the Catherine Donnelly estate or the executor of such estate. Nor was there any release of any claim asserted in this suit in the written release signed by the parties. The release contained an obligation on the part of George A. Donnelly, individually and as executor of the Catherine Donnelly estate, to save harmless the Garrett Donnelly estate and its administrator from the debt of $3726.57 which had been adjudicated by order of the probate court as owing by the Garrett Donnelly estate to the Catherine Donnelly estate, but there was nothing in the instrument even remotely hinting at a release of the claims asserted in the suit now before us.

The judgment is reversed and the cause is remanded.

## On Motion for Rehearing.

In our original opinion we said that appellee made no reference in his brief to appellant's first point of error, that none of appellee's counter-points related to it, and that appellee did not in his brief challenge appellant's statements as to the facts pertinent to the matter of the family council.

In his motion for rehearing appellee severely takes us to task for saying that, under Rule 419, we were not required to search through the record to determine whether or not appellant's statements as to such facts were correct. Appellee calls our attention to a portion of a sentence found on page 25 of his brief, at which place an entirely different matter was being discussed, in which it was said that a certain admission claimed by appellee to have been

made by appellant in the release executed in settlement of the life insurance suit "klinches the contention of the Appellee here and confirms the contention of Appellee that at the family council back when Garrett Donnelly was alive that he, Garrett Donnelly, had nothing coming from the estate of his mother, Catherine Donnelly, and that he owed such estate more than his one-seventh of the residuary estate could possibly amount to."

We adhere to our former ruling that appellee did not in his brief challenge the statements of fact set out in appellant's brief in such manner as to impose on us the duty of searching the record to see if it supported appellant's statements. However, we are familiar with the evidence relating to the claim that Garrett Donnelly relinquished his claim to the estate in the alleged family council, and we hold that it was not such as to support the instructed verdict.

The motion for rehearing is overruled.