RANCHER v. FRANKS et al.

No. 15528.

Court of Civil Appeals of Texas.

Fort Worth.

June 25, 1954.

Frank R. Graves, Fort Worth, for appellant.

No brief filed by appellee.

BOYD, Justice.

On March 3, 1951, E. R. Franks contracted to sell and Jeanell Rancher and J. D. Rancher contracted to buy a tract of land with an unfinished house thereon for the agreed price of $1,600. A payment of $50 was made in cash by the buyers, and the contract provided that they pay $40 on the first day of each month thereafter until the agreed price should be paid in full, with interest at the rate of eight per cent per annum, the interest to be included in the monthly payments. On December 1, 1951, the balance due on the purchase price, including principal and interest, was $1,328.50. The contract provided that failure to make any installment payment when due gave the seller the right, at his option, to take possession of the property and declare the contract and all rights thereunder at an end, and that all payments that might have been made under the contract would be retained by the seller as agreed rentals for the use of the property. The $40 payment due on January 1, 1952, was not paid, and on January 7, 1952, during the absence of the buyers from the premises, Franks entered into possession thereof and declared the contract terminated, and immediately placed J. E. Sparks in possession of the property.

Jeanell Rancher and J. D. Rancher were divorced and Jeanell Rancher acquired all the rights of J. D. Rancher under the contract.

This suit was filed by appellant Jeanell Rancher against appellees E. R. Franks and J. E. Sparks for damages, which were alleged to be the value of the property, to wit, $3,000. Appellant alleged that at the time appellees took possession of the property the payments were not in such default as would permit appellee Franks to terminate the contract, because on December 28, 1951, E. R. Franks agreed that she need not make the January 1, 1952 payment until she determined whether she would be able to effect a sale of the property, which she was then trying to negotiate, and that therefore E. R. Franks was estopped from asserting that the payment was delinquent and was estopped from asserting any rights of repossession and termination of the contract by virtue of her failure to pay the January 1, 1952 installment.

The jury found that E. R. Franks agreed to extend the time for the payment of the January 1, 1952 installment, and that Jeanell Rancher did not agree that if the property should not be sold by January 7, 1952, she would relinquish her interest in it. The jury further found that the market value of the property in question was $3,500.

The verdict was returned on April 15, 1953. On November 25, 1953, the court entered a judgment that Jeanell Rancher take nothing by her suit, to which judgment she excepted and perfected an appeal.

Appellees have filed no brief and offered no oral argument in this court.

One point for reversal is that the court erred in rendering judgment in favor of the appellees in the absence of proper motion and notice. In her brief appellant says that appellees filed no motion for judgment non obstante veredicto. Since that statement is unchallenged, this Court

is not required to look to the record but may accept appellant's statements as true. Rule 419, T.R.C.P.; Looney v. Traders & General Ins. Co., Tex.Civ.App., 231 S.W. 2d 735; Donnelly v. Donnelly, Tex.Civ. App., 220 S.W.2d 278; Allen v. Herrera, Tex.Civ.App., 257 S.W.2d 753; Stewart v. Basey, Tex.Civ.App., 241 S.W.2d 353; Young v. Howze, Tex.Civ.App., 216 S.W. 2d 988; Gonzales v. Gonzales, Tex.Civ. App., 224 S.W.2d 520; Morales v. Roddy, Tex.Civ.App., 250 S.W.2d 225; Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77; Rayburn v. Giles, Tex.Civ.App., 182 S.W. 2d 9, writ refused; Lindsey v. Williams, Tex.Civ.App., 199 S.W.2d 183.

Before the adoption of the Rules of Civil Procedure, it had been held that after the verdict was rendered by the jury and received and filed by the court, the judgment must follow the verdict, unless the verdict was set aside. Rule 301, T.R.C.P., provides that the judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any; but upon motion and reasonable notice it is provided that the court may render judgment non obstante veredicto if a directed verdict would have been proper, and upon like motion and notice, the court may disregard any jury finding that has no support in the evidence.

■ We think that the only judgment the court could properly render in this case, without a motion and notice to comply with the provisions of Rule 301 as to judgment non obstante veredicto, would be a judgment for the appellant for the value of the property as found by the jury, less the amount owing on her note to appellee Franks.

Although we are not required to look to the record to ascertain whether appellant's unchallenged statements are supported, and thus in effect brief the case for appellees, we have examined the record, and find that the judgment recites that "defendant" filed a proper motion for judgment non obstante veredicto, that notice was given as required by law, and "both parties" appeared by their attorneys on hearing thereof. The transcript contains no motion for judgment non obstante veredicto. This situation presents some support for the proposition announced by one court that where appellee files no brief and offers no oral argument, the court "must" assume as true the facts stated by appellant in his brief. Doherty v. Jensen, supra.

■ If we consider the recitals in the judgment, the question arises as to what weight we shall give them. They are contradicted not only by the unchallenged statements in appellant's brief, but circumstantially by the transcript. Of course the rule that recitals in a judgment ordinarily import absolute verity has no application here; if it did, many erroneous judgments could never be reversed. We are not to be understood as saying that presumptions are not indulged in favor of judgments, even on appeal. But when an appeal is predicated upon a record that challenges the judgment, those presumptions are of no avail, and the recitals in the judgment are not binding on the appellant or on this Court. Tackett v. Middleton, Tex.Com.App., 280 S.W. 563; Grubbs v. Marple, Tex.Civ.App., 185 S.W. 597; American Nat. Ins. Co. v. Rodriguez, Tex.Civ.App., 152 S.W. 871; Frantz v. Masterson, Tex.Civ.App., 133 S.W. 740.

"* * * Motion for judgment non obstante veredicto must apprise the court and opposing party of the grounds therefor, and must sufficiently disclose its nature. The rendition of a judgment non obstante veredicto is proper only when the pleadings and undisputed evidence clearly warrant it. * * *" Amarillo Transfer & Storage Co. v. De Shong, Tex.Civ.App., 82 S.W.2d 381, 385.

But if we assume that proper motion for judgment non obstante veredicto was filed, and notice given, we think error is apparent for another reason. The judgment recites that the ground for the motion for judgment non obstante veredicto was that there was no consideration for the agreement to extend the time of payment of the January 1, 1952 installment,

and the court found that there was no evidence of such consideration. This seems to have been the only ground set out in the motion and the only basis for the court's ruling.

 Appellant pleaded that appellee Franks was estopped from asserting the termination of the contract for failure of appellant to make the January 1, 1952 payment, because he agreed with appellant that he would forego that payment until it was determined whether appellant succeeded in effecting the sale of the property which was then pending. An estoppel arises when a party undertakes to change a position taken by him when such change would work injury to the other party. If the party who will be injured by the change of position is not afforded an opportunity to accommodate himself to the proposed change, the change will not be permitted by the courts.

A consideration is not essential to the operation of an estoppel. It is not grounded on principles of contract, or on a legal obligation. It does not rest on the assumption that the promisor has obtained any personal benefit, but on the fact that he has induced another to act in such manner that he will be seriously prejudiced if the promisor is allowed to refuse to do what he has encouraged such other to expect. 31 C.J.S., Estoppel, § 67, p. 259; Ross v. Isaacs, Tex.Civ.App., 54 S.W.2d 182; Lohmann v. Hooper, Tex.Civ.App., 87 S.W.2d 803; Dickerson v. Colgrove, 100 U.S. 578, 25 L.Ed. 618. Appellant could and would have made the January 1, 1952 payment had not appellee Franks agreed to forego it.

We therefore think the judgment must be reversed. The only other question is whether it should be rendered or the cause remanded. "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial. * * *" Rule 434, T.R.C.P. The case seems to have been fully developed. Appellant secured a verdict that was amply supported by the evidence, and may be considered the basis for the judgment to be rendered. Although the jury found the value of the property to be $3,500, appellant alleged its value to be $3,000. It appears that on January 7, 1952, the date on which appellee Franks took possession of the property, the amount of the debt was $1,339.46. We think that on this record appellant was entitled to a judgment against appellee Franks for the difference between the value of the property as alleged and the amount of the debt, which difference is $1,660.54. Black v. Burd, Tex.Civ.App., 255 S.W.2d 553, and authorities there cited.

The judgment is reversed and judgment is here rendered for appellant against appellee E. R. Franks for the sum of $1,660.54. The costs in this court and the trial court are adjudged against appellee E. R. Franks.