For the foregoing reasons, the judgment is affirmed.

WOODLEY, P. J., absent.

**Hugh POWELL, Appellant,**

v.

**DEALERS BUILDING MATERIALS COMPANY, Appellee.**

No. 16208.

Court of Civil Appeals of Texas.

Fort Worth.

March 24, 1961.

James E. Day, Jr., Dallas, for appellant.

Weldon Cherry, Fort Worth, for appellee.

BOYD, Justice.

Dealers Building Materials Company sued Hugh Powell upon an account and recovered judgment for $624.95 and an additional $150 as attorney fees. Powell has appealed.

There is no brief for appellee, although oral argument was presented.

In his original answer appellant denied all the allegations in appellee's petition, and also filed an instrument denominated "Defendant's Motion to Dismiss", which was verified, in which he denied that he entered into business dealings as an individual for his own account with appellee, covering the account for the merchandise sued upon herein, and denied that he agreed to pay same as an individual. He further alleged that if appellee had a cause of action it was against Hugh Powell Construction Company, a corporation.

In his brief appellant asserts that the statement of facts shows that Hugh Powell Construction Company was organized and incorporated on August 8, 1958; that the debt sued for was incurred in January, 1959; that the debt is for materials ordered by Hugh Powell Construction Company; and that there was no evidence that appellant had taken over the assets of the corporation or had assumed its liabilities. These statements were not challenged by appellee.

Rule 419, Texas Rules of Civil Procedure, reads: "Any statement made by appellant in his original brief as to the facts or the record may be accepted by the court

**422**

as correct unless challenged by opposing party."

Accepting appellant's statement of the record as correct, the judgment must be reversed. City of Caldwell v. Schumacher, Tex.Civ.App., 204 S.W.2d 471; Donnelly v. Donnelly, Tex.Civ.App., 220 S.W.2d 278; Lindsey v. Williams, Tex.Civ.App., 199 S. W.2d 183; Rogers v. Dickson, Tex.Civ. App., 157 S.W.2d 404; Doherty v. Jensen, Tex.Civ.App., 174 S.W.2d 77; Ammann v. Daniel Oil Co., Tex.Civ.App., 220 S.W.2d 181.

Moreover, an examination of the record, including the statement of facts, discloses that appellant's contentions have ample support.

It appears that the case was not fully developed, and should be remanded for another trial.

Reversed and remanded.