

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00032-CV

_____

MELANIE BELL LORANT, Appellant

V.

2016 PARKVIEW CONDOMINIUMS DEVELOPMENT LLC, Appellee

On Appeal from the 236th District Court
Tarrant County, Texas
Trial Court No. 236-313813-19

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

This appeal arises from a dispute over a purchase agreement for a condominium. Appellant Melanie Bell Lorant appeals the trial court's judgment confirming an arbitration award concluding that, because Lorant defaulted on the agreement, Appellee 2016 Parkview Condominiums Development, LLC was entitled to receive Lorant's earnest money deposit as liquidated damages and to recover its reasonable attorney's fees and costs. We affirm.

## I. BACKGROUND

In March 2019, Lorant signed an agreement to purchase a luxury condominium in Parkview's Southlake, Texas, town square development for a purchase price of $2,410,169.[1] Upon execution of the contract, Lorant deposited earnest money of $241,016—ten percent of the purchase price—with the title company, with the remaining balance to be paid at closing.

At the time the purchase agreement was executed, the parties contemplated that Lorant would have the opportunity to select customization options and make other upgrades to the existing plans and specifications for her unit. According to Lorant, Parkview told her before she signed the contract that the pricing for certain upgrades would not be available until after the contract was signed, but Parkview's representative "ballparked" the cost of the upgrades in which Lorant had expressed

---

[1]This included a base price of $2,310,900 plus $99,269 in additional upgrades identified in an upgrade addendum to the contract.

interest at approximately $188,000. In part because of the uncertain pricing, the parties signed a first amendment to the purchase contract, which set forth a procedure for Lorant to approve any upgrades or redesigns to her unit. Under this procedure, Lorant had five days to review and object to any revised plans and specifications.

In the ensuing months, Lorant sought to make many changes and upgrades to her unit. After being asked on multiple occasions to approve work without a price proposal, Lorant grew concerned.[2] In November 2019, Parkview's representative emailed Lorant a price proposal for the upgrades, which totaled approximately $639,000—nearly four times the $188,000 that Parkview had originally "ballparked" the upgrades would cost.[3]

After receiving the proposal, Lorant texted Parkview's representative that she was "100% out" and demanded that Parkview "refund all monies paid immediately and terminate [her] contract." She also refused to pay approximately $98,000 in additional fees demanded by Parkview.[4]

---

[2]According to Parkview, Lorant changed her mind often regarding which options she preferred, which made it difficult or impossible for Parkview to determine pricing.

[3]This price proposal did not include an audio–visual upgrade that had only recently been received from Parkview's vendor. Including this additional upgrade, the total cost of the proposal was nearly $1,000,000.

[4]Lorant eventually paid a portion of these fees, though this payment was well after the deadline.

Following Lorant's repudiation of the contract and failure to pay the additional fees, Parkview sent Lorant a letter terminating the contract. Because both Lorant and Parkview claimed that they were entitled to the earnest money being held in escrow,[5] the title company commenced an interpleader action in the trial court. The funds were ultimately deposited in the trial court's registry. In addition to its crossclaim seeking recovery of the earnest money, Parkview asserted defamation-related crossclaims against Lorant. Lorant likewise asserted crossclaims against Parkview seeking recovery of the earnest money.

---

[5]Section 2.6 of the purchase agreement, entitled "Termination and Default," provides in relevant part as follows:

(a)  If Purchaser breaches or fails to perform any provision of this Contract, such breach or failure shall be an event of default (each a "Purchaser's Default"). Upon a Purchaser's Default, Seller, as Seller's sole remedy, shall be entitled to terminate this Contract.

(b)  If Seller shall fail to perform any obligation under this Contract, such failure shall be an event of default, and Purchaser shall be entitled to, as Purchaser's sole remedy, either (1) terminate this Contract, or (2) enforce specific performance of this Contract.

(c)  Upon a termination of this Contract permitted by this Section 2.6, the terminating party shall be entitled to receive the Earnest Money Deposit, as liquidated damages as its sole and exclusive remedy under this Contract. In such instance, Seller and Purchaser agree that the damages incurred by Seller or Purchaser from a default . . . are difficult to ascertain and that the Earnest Money Deposit represents a fair and reasonable estimate of those damages. The receipt by Seller or Purchaser of this Earnest Money Deposit is not intended by Seller or Purchaser as a penalty. . . . This section 2.6(c) shall survive the termination of this Contract.

Lorant filed a motion to compel arbitration of all claims, which the trial court granted.[6] The parties agreed that the arbitration would proceed in a bifurcated manner, with evidence of attorney's fees and costs only being presented after the arbitrator ruled on the dispute concerning the earnest money and Parkview's defamation-related claims.

In August 2021, the arbitrator issued an interim award finding that while Parkview had failed to prove liability and damages with respect to its defamation-related claims, it had proven that it was entitled to the earnest money. In October 2021, after receiving additional briefing from the parties regarding attorney's fees and costs, the arbitrator issued a final award reiterating his previous ruling concerning liability and additionally awarding Parkview approximately $65,700 in attorney's fees.

Following the issuance of the arbitrator's final award, Parkview filed a motion requesting the trial court to confirm the award and enter a final judgment in conformity therewith. Lorant filed a motion to vacate the award on the grounds that

---

[6]Section 7.27 of the purchase agreement contains the following arbitration clause:

Purchaser and Seller hereby . . . agree that any controversy, claim[,] or dispute arising out of or relating to (a) the Contract, (b) any breach thereof, (c) the sales transaction reflected in the Contract, (d) the construction of the Subject Property, and/or (e) any representations or warranties, express or implied, relating to the Subject Property, shall be decided by arbitration in accordance with the rules of the American Arbitration Association. All decisions by the arbitrators shall be final, and any judgment upon the award rendered by the arbitrators may be confirmed, entered[,] and enforced in any court having proper jurisdiction.

the liquidated damages provision contained in the purchase agreement constitutes an unenforceable penalty—an issue not raised during arbitration. Following a hearing, the trial court denied Lorant's motion for vacatur and granted Parkview's motion to confirm the arbitration award. The trial court then entered a final judgment on the arbitration award pursuant to the Texas Arbitration Act (TAA).[7]

This appeal followed.

## II. DISCUSSION

In her sole issue on appeal, Lorant argues that the trial court erred in confirming the arbitration award because the liquidated damages provision on which the arbitrator relied in awarding Parkview the earnest money is an unenforceable penalty. For the reasons set forth below, we affirm the judgment of the trial court.

### A. STANDARD OF REVIEW

A court must confirm an arbitrator's award unless a party offers grounds for vacating, modifying, or correcting the award. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 171.087, 171.088, 171.091. The Texas Supreme Court has made it clear that in cases to which the TAA applies, vacatur is limited to the grounds expressly provided by statute, and in such cases, courts may not vacate an arbitration award on common-law grounds. *Hoskins v. Hoskins*, 497 S.W.3d 490, 491, 494 (Tex. 2016). We review a trial court's decision to confirm an arbitration award de novo. *Hisaw & Assoc. Gen.*

---

[7]Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001–.098.

6

*Contractors, Inc. v. Cornerstone Concrete Sys., Inc.*, 115 S.W.3d 16, 18 (Tex. App.—Fort Worth 2003, pet. denied) (citing *Thomas James Assocs., Inc. v. Owens*, 1 S.W.3d 315, 320 (Tex. App.—Dallas 1999, no pet.)).

Texas law strongly favors arbitration. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) (citing *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam)). "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *O'Grady v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 506 S.W.3d 121, 125 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied) (quoting *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.)). Accordingly, we indulge all reasonable presumptions in favor of the award, and judicial review of an arbitration award is "extraordinarily narrow." *Hisaw*, 115 S.W.3d at 18 (citing *Cooper v. Bushong*, 10 S.W.3d 20, 24 (Tex. App.—Austin 1999, pet. denied)).

## B. LORANT HAS FAILED TO PRESERVE HER SOLE APPELLATE ISSUE

"Error preservation is not unique to trial proceedings; a party challenging an arbitration award on appeal must first raise a timely objection with the arbitrator just 'as if the award were a court judgment on appeal.'" *Superior Healthplan, Inc. v. Legacy Home Health Agency, Inc.*, No. 13-20-00160-CV, 2022 WL 868530, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (quoting *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011)). As the Texas Supreme Court has explained, the

principles for error preservation set forth in Rules 33 and 34 of the Texas Rules of Appellate Procedure govern appeals from arbitration awards. *Nafta Traders*, 339 S.W.3d at 101 n.80. Therefore, by failing to raise an objection with the arbitrator, a party waives the issue. *Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719–20 (Tex. App.—Dallas 2012, pet. denied) (holding on remand that Nafta waived certain points of error by failing to present them to the arbitrator); *accord Superior Healthplan, Inc.*, 2022 WL 868530, at *2. As one of our sister courts has observed, "[A] party should not be able to sit idle through an arbitration and then, after an adverse result, collaterally attack that procedure on grounds never presented to the arbitrator." *Quinn*, 360 S.W.3d at 719 (citing *Marino v. Writers Guild of Am. East, Inc.*, 992 F.2d 1480, 1484 (9th Cir. 1993)).

Here, the issue Lorant raises on appeal is one that was never presented to the arbitrator.[8] Indeed, neither the interim nor the final arbitration award addresses

---

[8]While the appellate record does not contain a record of the arguments and evidence presented to the arbitrator, Parkview repeatedly stated in its brief that the issue of the liquidated damages clause's enforceability was not raised in the arbitration, and Lorant did not dispute this assertion in her reply brief. Since this statement was unchallenged, we can accept it as true. *See Rancher v. Franks*, 269 S.W.2d 926, 927–28 (Tex. Civ. App.—Fort Worth 1954, no writ) ("In her brief appellant says that appellees filed no motion for judgment non obstante veredicto. Since that statement is unchallenged, this Court is not required to look to the record but may accept appellant's statements as true."); *see also Owens–Corning Fiberglas Corp. v. Schmidt*, 935 S.W.2d 520, 525 (Tex. App.—Beaumont 1996, writ denied) ("[E]ven though there is no proof supporting OCF's settlement credit claim, we accept as true the unchallenged fact statements contained in its brief." (first citing *Whatley v. Whatley*, 493 S.W.2d 299, 301 (Tex. Civ. App.—Dallas 1973, no writ); and then citing *City of Dallas v. Holcomb*, 381 S.W.2d 347, 351 (Tex. Civ. App.—Dallas), *writ ref'd n.r.e.*,

whether the liquidated damages provision in the purchase contract constitutes an unenforceable penalty. Thus, Lorant's motion for vacatur and this present appeal amount to an impermissible collateral attack on the arbitration award. *See Quinn*, 360 S.W.3d at 719. Having failed to raise the enforceability of the liquidated damages provision with the arbitrator, Lorant has failed to preserve the issue.

## C. LORANT HAS NOT PROVIDED VALID STATUTORY GROUNDS FOR VACATUR

Even if Lorant had properly preserved the issue, because she has not asserted valid statutory grounds for vacating the arbitration award, we must nevertheless affirm the trial court's judgment.

---

383 S.W.2d 585 (Tex. 1964) (per curiam))). Further, the fact that neither the interim nor the final arbitration award addresses this issue supports Appellee's claim that it was never raised in the arbitration. In any event, because the "party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacatur," it was incumbent upon Lorant to show that she preserved this issue by raising it in the arbitration. *Amoco D.T. Co. v. Occidental Petroleum Corp.*, 343 S.W.3d 837, 841 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing *Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 568 (Tex. App.—Dallas 2008, no pet.)). Thus, by failing to present a complete record of the arbitration proceedings, Lorant has forfeited the ability to challenge the arbitration award. *See Williams*, 244 S.W.3d at 568–69 ("Many Texas courts have held that without a complete record of the evidence presented to the arbitrator at the arbitration proceedings, there can be no appellate review of the arbitrator's decision." (first citing *Gumble v. Grand Homes 2000, L.P.*, 334 S.W.3d 1, 4 (Tex. App.—Dallas 2007, no pet.); then citing *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 706 (Tex. App.—Fort Worth 2006, pet. filed); then citing *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263–64 (Tex. App.—San Antonio 2003, pet. denied); and then citing *Jamison & Harris v. Nat'l Loan Investors*, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied))).

Both in her motion to vacate and in her initial brief to this court, Lorant, citing *CVN Grp., Inc. v. Delgado*,[9] argues that the arbitration award should be overturned on the common-law ground that it violates fundamental public policy. However, as noted above, the Texas Supreme Court has clearly stated that in cases—such as this one[10]—to which the TAA applies, vacatur is limited to the grounds expressly provided by statute, and courts may not vacate an arbitration award on common-law grounds. *Hoskins*, 497 S.W.3d at 491, 494. While the Texas Supreme Court did reaffirm the viability of the common-law grounds for vacatur set forth in *CVN* in the post-*Hoskins* case of *Jefferson Cty. v. Jefferson Cty. Constables Ass'n*, the arbitration award at issue in *Jefferson* was not governed by the TAA because it involved the interpretation and application of a collective bargaining agreement. 546 S.W.3d 661, 665 (Tex. 2018). Thus, *Jefferson* is distinguishable and cannot be read as overturning the Texas Supreme Court's clear pronouncement in *Hoskins* that courts may not rely on common-law grounds to vacate an arbitration award in a case to which the TAA applies. *See Hilton v. Korrect Gen. Contracting, LLC*, No. 02-20-00337-CV, 2021 WL

[9]95 S.W.3d 234, 239 (Tex. 2002).

[10]The applicability of the TAA to this case is not reasonably in doubt. Neither party has questioned the TAA's applicability; to the contrary, the parties' briefing reflects their assumption that this case is, in fact, governed by the TAA. Indeed, both Lorant's motion to compel arbitration filed in the trial court and the trial court's final judgment cite to the TAA. Further, this case does not fall within any of the statutory exceptions to the TAA's applicability set forth in Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a).

4621761, at \*2 (Tex. App.—Fort Worth, Oct. 7, 2021, pet. denied) (mem. op.) ("'[T]he TAA leaves no room for courts to expand on' the grounds listed in Section 171.088 of the TAA." (quoting *Hoskins*, 497 S.W.3d at 494)). Accordingly, Lorant's assertion that the arbitration award violates fundamental public policy is not a valid basis for vacatur. *See Hoskins*, 497 S.W.3d at 491, 494; *see also* Tex. Civ. Prac. & Rem. Code § 171.088 (enumerating statutory grounds for vacating an arbitration award).

In her reply brief, Lorant, attempting to recharacterize her sole issue to fit one of the enumerated statutory grounds for vacatur, argues that the arbitrator exceeded his powers. *See* Tex. Civ. Prac. & Rem. Code § 171.088(a)(3)(A) ("On application of a party, the court shall vacate an award if . . . the arbitrators . . . exceeded their powers."). However, even assuming that we may consider this argument,[11] it lacks merit. In an effort to fit the round peg of her public policy argument into the square hole of the TAA's statutory grounds for vacatur, Lorant asserts that the arbitrator exceeded his authority by failing to apply Texas law to the parties' dispute notwithstanding the purchase agreement's choice of law provision.[12] Yet there is nothing in the record to suggest that the arbitrator failed to apply Texas law and

---

[11]"Arguments may not be raised for the first time in a reply brief." *Molho v. Weichert, Realtors Reichardt & Assocs.*, No. 14-11-00861-CV, 2012 WL 6631732, at \*3 n.6 (Tex. App.—Houston [14th Dist.] Dec. 20, 2012, pet. denied) (mem. op.) (citing *Brown v. Green*, 302 S.W.3d 1, 13–14 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).

[12]Section 7.3 of the purchase agreement provides that "THIS CONTRACT WILL BE GOVERNED BY AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAW OF THE STATE OF TEXAS . . . ."

instead applied the law of some other jurisdiction. Thus, Lorant's real complaint is that the arbitrator made a mistake of law, not that he exceeded his powers. *See Acra v. Bonaudo*, No. 05-17-00451-CV, 2018 WL 3238133, at *5 (Tex. App.—Dallas July 3, 2018, no pet.) (mem. op.) ("[A] complaint that the arbitrator decided the issue incorrectly or made a mistake of law is not a complaint that the arbitrator exceeded his powers." (quoting *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied))). But, as the Texas Supreme Court has clearly articulated, manifest disregard of the law is not a valid statutory ground for vacating an arbitration award. *Hoskins*, 497 S.W.3d at 495–96; *see also Acra*, 2018 WL 3238133, at *5 ("[A] mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." (citing *Centex*, 314 S.W.3d at 683)). Therefore, the trial court properly refused to vacate the arbitration award on this basis.

Because Lorant failed to raise the issue of the liquidated damages provision's enforceability with the arbitrator and has not presented a valid statutory basis for vacating the arbitration award, we overrule her sole issue.

### III. CONCLUSION

Having overruled Lorant's sole issue, we affirm the trial court's judgment.

12

/s/ Brian Walker

Brian Walker
Justice

Delivered:  November 10, 2022