Brian O'GRADY, M.D.; and The O'Grady Family Partnership, Ltd., as owners of claims of David Miller, Brett Schulick and River Oaks Capital Management, Inc., Appellants,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., Appellee.

NUMBER 13-15-00312-CV

Court of Appeals of Texas, Corpus Christi–Edinburg.

Delivered and filed September 15, 2016

Rehearing Overruled October 4, 2016

---

Emily Seikel, Sheldon E. Richie, Richie & Gueringer, P.C., Austin, TX, for The O'Grady Family Partnership, Ltd., Brian O'Grady.

Andrea Fair, Jon C. Rice, Robert S. Harrell, Norton Rose Fulbright U.S. L.L.P., Houston, TX, for National Union Fire Insurance Company of Pittsburgh, P.A.

Before Justices Rodriguez, Benavides, and Perkes

## MEMORANDUM OPINION

Memorandum Opinion by Justice Benavides

By one issue, appellant Brian O'Grady, M.D. and the O'Grady Family Partnership, Ltd. ("O'Grady") appeals the confirmation of the arbitration award by the trial court. O'Grady argues the arbitration panel exceeded their authority based upon prior agreements of the parties and asks this court to vacate the arbitration panel's decision. We affirm.

### I. BACKGROUND [1]

O'Grady purchased investment products from David Miller ("Miller") and Brett Schulick ("Schulick"), both employees of Woodbury Financial Services ("Woodbury"). Woodbury had an insurance policy issued by National Union Fire ("National") that covered certain wrongful acts of certain registered representatives pursuant to the terms and conditions of the policy.[2] The insurance policy was issued to Woodbury, River Oaks Capital Management, Inc. ("River Oaks"), Miller, and Schulick.[3]

O'Grady filed suit in 2008 against Woodbury, River Oaks, Miller, and Schulick alleging that the defendants provided O'Grady with false information regarding investments. That suit was transferred to arbitration before the Financial Industry Regulatory Authority ("FINRA"). The FINRA arbitration panel issued an award in O'Grady's favor in October 2012. The FINRA award found that Miller, Schulick,

---

1. This appeal was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* Tex. Gov't Code Ann. § 73.001 (West, Westlaw through Ch. 46 R.S. 2015).

2. In order for a "wrongful act" to be covered, it must have occurred solely in the performance of or failure to perform professional services. Professional services, in this case, requires the products to be approved by and

distributed through Woodbury. The policy also excluded coverage for "dishonest, malicious, or knowingly wrongful acts."

3. The relationship between Woodbury and River Oaks is unclear from the record, but both parties were insured by the same policy issued by National. Woodbury settled their claim with O'Grady prior to the FINRA award.

and River Oaks were jointly and severally liable for gross negligence and violations of the Texas Deceptive Trade Practices Act and the Texas Securities Act. The trial court approved the award and entered a final judgment of $3,279,351.49 in favor of O'Grady in accordance with the FINRA award.

In June 2013, O'Grady requested and obtained a turnover order from the trial court, awarding O'Grady ownership of potential insurance-related causes of action held by Schulick, Miller, and River Oaks, specifically against National. After National refused to pay out the judgment as ordered by the trial court, O'Grady filed the underlying lawsuit. The suit was submitted to a three-person arbitration panel under the American Arbitration Association ("AAA") rules, as required within the insurance policy. The insurance policy's section requiring arbitration stated the following:

> All disputes or differences which may arise under or in connection with this policy, whether arising before or after termination of this policy, including any determination of the amount of damages, shall be submitted to the American Arbitration Association under and in accordance with its then prevailing commercial arbitration rules. The arbitrators shall be chosen in the manner and within the time frames provided by such rules. If permitted by such rules, the arbitrators shall be three disinterested individuals having knowledge of the insurance issues relevant to the matters in dispute.

The parties proceeded to arbitration before a three-person panel. The panel ordered the parties to file motions for summary judgment and appropriate responses. A live hearing was conducted in December 2014. At the hearing, both sides moved for summary judgment and submitted briefs, exhibits, documents, and affidavits. The parties also submitted letter briefs following the conclusion of the hearing.

The panel issued its final summary award in February 2015, determining there was "no genuine issue of material fact regarding the lack of coverage under the Policy for [O'Grady's] Award, and those respondents [National] are entitled to an award as a matter of law. ACCORDINGLY, [National]'s motion for summary judgment be and is hereby GRANTED." National filed a motion with the trial court to confirm the arbitration award, while O'Grady filed a motion to vacate or modify the arbitration award. The trial court confirmed the arbitration award. This appeal followed.

## II. Arbitration Award Vacated

By his sole issue, O'Grady argues that the arbitration panel exceeded the power given to them at summary judgment by making fact-findings and deciding the issue of coverage.

### A. Standard of Review

"Review of a trial court's decision as to vacatur or confirmation of an arbitration award is de novo and the appellate court reviews the entire record." *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex.App.–Corpus Christi 2010, no pet.); *see In re Chestnut Energy Partners, Inc.*, 300 S.W.3d 386, 397 (Tex. App.–Dallas 2009, pet. denied). "However, all reasonable presumptions are indulged in favor of the award, and none against it." *In re Chestnut*, 300 S.W.3d at 397. "Because Texas law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *In re Cantu*, 330 S.W.3d at 17; *see E. Tex. Saltwater Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex.2010). "We give strong deference to the arbitrator with respect to issues properly left to

the arbitrator's resolution." *Age Indus., Ltd. v. Edwards*, 318 S.W.3d 461, 462 (Tex. App.–El Paso 2010, pet. dism'd). "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *In re Cantu*, 330 S.W.3d at 17 (quoting *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex.2002)).

### B. Applicable Law

▮▮ The Texas Supreme Court has "long held that 'an award of arbitrators upon matters submitted to them is given the same effect as the judgment of a court of last resort. All reasonable presumptions are indulged in favor of the award, and none against it.'" *Id.* at 18 (quoting *CVN Grp.*, 95 S.W.3d at 238). Arbitration awards can only be vacated under very limited circumstances. *Id.* "When a non-prevailing party seeks to vacate an arbitration award, it bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award." *Id.* at 24; *see In re Chestnut*, 300 S.W.3d at 401. "When there is no transcript of the arbitration hearing, as here, the appellate court will presume the evidence was adequate to support the award." *In re Chestnut*, 300 S.W.3d at 401.

In the arbitration clause that engenders this proceeding, "the parties did not specify whether the Federal Arbitration Act ("FAA") or the Texas Arbitration Act ("TAA") applies." *See Black v. Shor*, 443 S.W.3d 154, 162 (Tex.App.–Corpus Christi 2013, pet. ref'd) (citing 9 U.S.C. §§ 1–16 (West 2009); TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001–.098 (West, Westlaw through P.L. 114–61)). "Although similar, the two arbitration schemes are not identical with regard to the review of arbitration awards." *Black*, 443 S.W.3d at 162; *compare* 9 U.S.C.A. §§ 10,11 *and Hall Street*

*Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) (holding that grounds stated in the FAA for vacating or modifying an arbitration award are exclusive), *with* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088, 171.091.

Section 171.088(a) of the Texas Civil Practice and Remedies Code provides the following statutory grounds for which a trial court "shall" vacate an arbitration award:

> On application of a party, the court shall vacate an award if:
>
> (1) the award was obtained by corruption, fraud, or other undue means;
>
> (2) the rights of a party were prejudiced by:
>
>> (A) evident partiality by an arbitrator appointed as a neutral arbitrator;
>>
>> (B) corruption in an arbitrator;
>>
>> (C) misconduct or willful misbehavior of an arbitrator;
>
> (3) the arbitrators:
>
>> *(A) exceeded their powers;*
>>
>> (B) refused to postpone a hearing after a showing of sufficient cause for the postponement;
>>
>> (C) refused to hear evidence material to the controversy;
>>
>> (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of the party; or
>
> (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising an objection.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a) (emphasis added). Section 10 of the FAA states:

(a) In any of the following cases in the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) *where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.*

9 U.S.C.A. § 10(a)(1–4)(emphasis added).

■■■ "To constitute misconduct requiring vacation of an award, an error in the arbitrator's determination must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." *Laws v. Morgan Stanley Dean Witter*, 452 F.3d 398, 399 (5th Cir. 2006) (quoting *El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir.2001)). However, "procedural matters relating to the confirmation of arbitration awards in Texas courts are governed by Texas law even if the FAA supplies the substantive rules of decision." *In re Chestnut*, 300 S.W.3d at 395.

## C. Discussion

O'Grady argues that the arbitration panel exceeded its power by granting summary judgment for National following the summary judgment hearing, even though O'Grady alleges the parties had agreed to a bifurcated process to determine which issues had merit first and then proceed to discovery. However, National asserts that consistent with the parties' agreement, both sides moved for summary judgment and submitted briefs, exhibits, documents, and affidavits before the arbitration panel. The arbitration panel granted summary judgment for National by finding: (1) the Asset Protection Plan, which was what O'Grady contends entitled him to the award against National, was not approved or distributed by Woodbury and (2) the FINRA panel punitive damages award triggered the dishonesty exclusion in the insurance policy, which meant the relevant insurance policy did not cover judgment issued by the FINRA panel in favor of O'Grady.

■■■ "For an appellate court to have jurisdiction to review an arbitration award, an appellant must allege a statutory or common law ground to vacate the award." *Grand Homes 96, L.P. v. Loudermilk*, 208 S.W.3d 696, 705 (Tex.App.–Fort Worth 2006, pet. denied). "One of the statutory grounds for vacating an award is that the arbitrator exceeded his or her powers." *Id.* "An arbitrator's authority is derived from the arbitration agreement and is limited to a decision of the matters submitted therein, either expressly or by necessary implication." *Id.*; *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 443 (Tex.App.–Houston [14th Dist.] 2005, no pet.). If the arbitrators decide matters not properly before them, then they have exceeded their powers. *See Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684 (Tex.App.–Dallas 2010, pet. denied). "When determining whether an arbitrator has exceeded his power, any doubts concerning the scope of what is arbitrable should be resolved in

favor of the arbitration." *Id.* "It is only when the arbitrator departs from the agreement, and, in effect, dispenses his own idea of justice that the award may be unenforceable." *Id.* Here, O'Grady alleged the statutory ground of excess of power and places the issue validly within our review.

██ "Texas law provides that a losing party seeking to modify or vacate an arbitration award has the burden in the trial court of bringing forth the complete record and establishing any basis, including constitutional grounds, which would warrant a vacated or modified award." *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex.App.–San Antonio 2003, pet. denied). "The general rule is that without an arbitration transcript, we must presume the arbitration evidence adequately supported an award." *Centex/Vestal*, 314 S.W.3d at 684. However, "application of the general rule merely limits rather than entirely forecloses our consideration of whether the arbitrator exceeded his authority in this instance." *Id.* However, O'Grady did provide, as part of the appellate record, the arbitration agreement found within the contract and the case management order, which set the deadlines for the motions for summary disposition. We are free to consider the documents regarding the arbitration hearing that are part of our record, but O'Grady did not provide the motions, exhibits, or affidavits submitted to the arbitration panel. Based on O'Grady's failure to provide an arbitration transcript, we are unable to determine whether the arbitration panel exceeded their authority as provided to them in the arbitration agreement.

The civil practice and remedies code "dictates that, unless grounds are offered for vacating, modifying, or correcting an award under other specified sections of the code, the court, on application of a party,

shall confirm the award." *In re Cantu,* 330 S.W.3d at 18; *see* Tex. Civ. Prac. & Rem. Code Ann. § 171.087 (West, Westlaw through 2015 R.S.). We find that due to a lack of evidence or a transcript of the summary judgment hearing before the arbitration panel, the arbitration panel acted within their proper authority as determined by the arbitration clause. We overrule O'Grady's sole issue.

### III. Conclusion

We affirm the trial court's judgement.