

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00465-CV

Jaydeep **SHAH**, M.D.,
Appellant

v.

**STAR ANESTHESIA, P.A.**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-04393
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice
Concurring Opinion by: Liza A. Rodriguez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: May 22, 2019

AFFIRMED

In this arbitration dispute, Appellant Jaydeep Shah, M.D., appeals the trial court's confirmation of an arbitration award in favor of Appellee Star Anesthesia, P.A. and the denial of Shah's motion to vacate the arbitration award.

In 2007, Shah entered into a Professional Services Agreement with Star Anesthesia to perform anesthesia services and became a partner and shareholder of Star Anesthesia.  The agreement contained a binding arbitration agreement.  On December 30, 2016, Star Anesthesia terminated its employment agreement with Shah.  The parties submitted their dispute to binding

arbitration pursuant to their agreement. After a contested hearing, the arbitrator issued a final award in Star Anesthesia's favor.

Star Anesthesia filed a motion to confirm the arbitration award; and Shah subsequently filed a motion to vacate. On June 12, 2018, after hearing arguments, the trial court confirmed the arbitration award, denied Shah's motion to vacate, and entered final judgment.

On appeal, Shah contends: (1) the arbitrator improperly considered and ruled on evidence not raised or pled by Star Anesthesia; (2) the arbitrator improperly failed to find Shah a prevailing party on Star Anesthesia's counterclaim, and therefore improperly awarded attorney's fees and costs only to Star Anesthesia; (3) the awarded attorney's fees failed to distinguish between fees spent to defend the claim and those spent to advance counterclaims; and (4) the arbitrator's attorney's fees award is not supported by either the arbitration clause or the Federal Arbitration Statute. We affirm the trial court's judgment.

### FACTUAL BACKGROUND[1]

#### A.     The Professional Services Agreement

In November of 2007, Shah entered into a Professional Services Agreement with Star Anesthesia to provide anesthesiology services. The agreement required Shah to "devote [his] time and loyalty to the Association." Shah was further prohibited from "contract[ing] with, be[ing] employed by, or otherwise practic[ing] anesthesiology except with the Association unless otherwise authorized by the Board of Directors of the Association."

As part of the agreement, Star Anesthesia provided management and administrative services to Shah and its other physicians. Star Anesthesia was also the exclusive provider of anesthesia services to Baptist Health System. Star Anesthesia, Baptist Health System, and Shah

---

[1] We note our recitation of the facts pertaining to the Professional Services Agreement, contract with Baptist Health System, and discovery dispute are derived from the arbitrator's Final Award.

entered into a contract in which Shah received guaranteed collections of $500,000.00 per year. In 2012, Star Anesthesia's contract with Baptist Health System was amended; Shah was not a party to the amended contract. Shah, however, continued to serve as the full-time pediatric anesthesiologist and benefit from the guaranteed collections "despite not [being] specifically identified as the intended beneficiary of [the contract]."

In November 2016, after negotiations, Star Anesthesia and Baptist Health System entered a contract eliminating the previous $500,000.00 guaranteed collections. Shah was not informed of the change prior to the new contract taking effect on December 1, 2016.

Shah filed suit alleging multiple claims, including breach of contract, breach of fiduciary duty, fraud, and tortious interference. Shah sought recovery of attorney's fees and costs. Star Anesthesia filed a general denial and asserted multiple affirmative defenses, and counterclaims for breach of contract, breach of fiduciary duty, and fraud by nondisclosure.

**B.** **Discovery Dispute**

A hearing was held before the arbitrator in October 2017 regarding whether the written minutes taken during a December 7, 2016 Baptist Health System Department of Pediatric Medicine Meeting were discoverable. Shah argued the minutes were not discoverable "because they were privileged as minutes of a medical peer review." Star Anesthesia countered the minutes should be "discoverable because they likely would shed light on whether (1) Dr. Shah made certain statements at the meeting, and (2) whether those statements gave rise to his termination for cause under the moral turpitude provision in his employment agreement."

The arbitrator ordered the minutes withheld.

When the matter was called for Final Hearing before the arbitrator, Shah was ordered to testify regarding statements he made during the December 7, 2016 peer review meeting. The arbitrator designated the testimony as "highly confidential" under the existing protective order. In

response to his having to testify to the meeting, Shah urged that he be allowed to use the written minutes he previously argued should be "withheld from discovery." Star Anesthesia argued unfair surprise and the arbitrator did not allow the minutes into evidence.

The arbitrator's award specifically provided the minutes were not considered in the Final Award.

## C.      Arbitrator's Award

On March 6, 2018, the arbitrator filed a Final Award providing as follows:

The arbitrator found in favor of Star Anesthesia and against Shah on Shah's breach of contract for, inter alia, the following reasons:

- Shah was not entitled to participate in the negotiations or notice of negotiations with Baptist Health System.
- Shah's comments, "wearing of two hats, and the actions he took in furtherance of those dueling loyalties, constituted a conflict of interest, created a firestorm among the surgeons, and resulted in what became overwhelming evidence of conduct that would bring [Star Anesthesia] into public disrepute."
- "Star [Anesthesia] established, by a preponderance of the evidence, that it had sufficient justification to terminate Dr. Shah for cause—moral turpitude—without relying upon statements [Shah] made at the December 7 meeting."
- Dr. Shah admitted in cross-examination that he had been afforded all required due process.

The arbitrator also found in favor of Star Anesthesia and against Shah on discrimination under 42 U.S.C. § 1981 claims and that Shah failed to prove his claims for breach of fiduciary duty, fraud, and tortious interference.

Except for the affirmative defense of justification, the arbitrator did not consider Star Anesthesia's affirmative defenses "because they were moot in view of the adverse rulings on Dr. Shah's claims."

On the other hand, the arbitrator held the evidence conclusively established Star Anesthesia had actual notice that Shah was serving as System-wide Medical Director at Baptist Health

System; however, none of the testifying witnesses knew Shah was being compensated for such role. The arbitrator held the evidence "established that Star [Anesthesia] considered Dr. Shah's involvement in the day-to-day affairs of [Baptist Health System] to be of value to Star [Anesthesia]. For these reasons, [Star Anesthesia] failed to prove its breach of contract claim by a preponderance of the evidence." The arbitrator also concluded Star Anesthesia failed to prove any fiduciary duty existed or was breached or that Shah concealed the existence of a compensated position with Baptist Health System that violated the terms of his Professional Services Agreement with Star Anesthesia.

Pursuant to Rule 47(d) of the American Arbitration Association's Commercial Rules, the arbitrator awarded Star Anesthesia $84,819.00 in attorney's fees and $11,586.12 in arbitration costs through the arbitration's Final Hearing. The arbitrator also awarded Star Anesthesia, as the prevailing party, $24,485.56 in administrative fees and expenses of the AAA, plus the compensation and expenses of the arbitrator.

## D.    Post Arbitration Hearing

On March 9, 2018, Star Anesthesia filed an Application to Confirm Arbitration Award.

On April 20, 2018, Shah filed a motion to vacate the arbitration award, in part, alleging the arbitrator erroneously failed to consider evidence based on privilege. Shah argued the arbitrator failed to hear evidence pertinent to the material in controversy based on privilege; but permitted Star Anesthesia to offer one-sided, unfair representation of the evidence through affidavits. This information, Shah argued, was central to his case.

On June 12, 2018, the trial court heard argument on the motions. The trial court denied Shah's motion to vacate the arbitration award, confirmed the arbitration award, and entered final judgment.

As stated, Shah raises several issues on appeal: (1) the arbitrator improperly considered and ruled on evidence not raised or pled by Star Anesthesia; (2) the arbitrator improperly failed to find Shah a prevailing party on Star Anesthesia's counterclaim and therefore improperly awarded attorney's fees and costs only to Star Anesthesia; (3) the awarded attorney's fees failed to distinguish between fees spent to defend the claim and those spent to advance counterclaims; and (4) the arbitrator's attorney's fees award is not supported by either the arbitration clause or the Federal Arbitration Statute.

We turn first to Shah's appellate issues based on evidentiary matters: issue number one—the arbitrator improperly considered and ruled on evidence not raised or pled by Star Anesthesia, and issue number three—the attorney's fees award is not supported by the evidence.

### EVIDENTIARY ISSUES BEFORE THE ARBITRATOR

#### A.  Argument of the Parties

Star Anesthesia contends that because the appellate record does not contain a transcript of the arbitration hearing, this court may not review any of the evidentiary issues raised by Shah.

Shah counters that Rule 34.6 of the Texas Rules of Appellate Procedure does not require a complete transcript to review an arbitration award; the rule requires only a sufficient record as to each appellate issue. *See O'Grady v. Nat'l Union Fire Ins. Co.*, 506 S.W.3d 121, 127 (Tex. App.—Corpus Christi 2016, pet. denied).

#### B.  Presumptions and Burdens Regarding Appellate Records

"Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). To ensure arbitration awards are afforded the same effect as "the judgment of a court of last resort, '[a]ll reasonable presumptions are indulged in favor of the award, and none against it.'" *Id*. (quoting *City of San Antonio v.*

*McKenzie Constr. Co.*, 136 Tex. 315, 150 S.W.2d 989, 996 (1941)). Therefore, "[a] party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacating the award." *Novoa v. Niramontes*, 553 S.W.3d 45, 53 (Tex. App.—El Paso 2018, no pet.); *accord Statewide Remodeling, Inc. v. Williams*, 244 S.W.3d 564, 569 (Tex. App.—Dallas 2008, no pet.); *GJR Mgmt. Holdings L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263–64 (Tex. App.—San Antonio 2003, pet. denied). "When there is no transcript of the arbitration hearing, the appellate court will presume the evidence was adequate to support the award." *GJR Mgmt. Holdings*, 126 S.W.3d at 262–63.

## C.   *O'Grady v. Nat'l Union Fire Ins. Co.*

Shah acknowledges "the general rule is that without an arbitration transcript, we must presume the arbitration evidence adequately supported an award." *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 684. (Tex. App.—Dallas 2010, pet. denied). On appeal, Shah contends:

> the arbitrator issued an award that was not based on the pleadings or the evidence by using the record that was presented at the Motion to Vacate and this is entirely consistent with recent Texas case law on the issue that makes it clear that the absence of a transcript merely limits review, it does not foreclose it.

Relying on *O'Grady v. Nat'l Union Fire Ins. Co.*, Shah argues that "application of the general rule merely limits rather than entirely forecloses our consideration of whether the arbitrator exceeded his authority in this instance." 506 S.W.3d at 127.

The appellate record in *O'Grady* included the contract at issue and the case management order setting out the deadlines for the motions for summary disposition. *Id.* However, because the appellate record did not include motions, exhibits, or affidavits, the record did not contain sufficient evidence to determine the ultimate issue raised—whether "the arbitration panel exceed[ed] the power given to them at summary judgment by making fact-findings and deciding

the issue of coverage." *Id*. at 124, 127. Therefore, "based on O'Grady's failure to provide an arbitration transcript [the appellate court was] unable to determine whether the arbitration panel exceeded their authority as provided to them in the arbitration agreement." *Id*. at 127.

## D.    Analysis

Here, the appellate record contains the following:

- Star Anesthesia's Application to Confirm Arbitration Award
- Shah's Motion to Vacate Arbitration Award in Part and the attached exhibits
- Shah's Original Answer
- Star Anesthesia's Response to Shah's Motion to Vacate and the attached exhibits
- Final Judgment
- Handwritten Notes by the Trial Court
- Shah's Notice of Appeal

The record does not include a transcript of the arbitration hearing.

Like in *O'Grady*, "[w]e are free to consider the documents regarding the arbitration hearing that are part of our record." *See id*. (holding appellate court could consider "the arbitration agreement found within the contract and the case management order, which set the deadlines for the motions for summary disposition" which were provided as part of the appellate record). Shah may not, however, rely on exhibits attached to the pleadings before the trial court, or more specifically his Motion to Vacate, for evidentiary arguments. *See id*. Motions and pleadings are not evidence. *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 539–40 (Tex. 2016); *accord San Miguel v. City of Windcrest*, 40 S.W.3d 104, 111 (Tex. App.—San Antonio 2000, no writ). "Nor are documents attached to pleadings evidence." *Ceramic Tile Int'l, Inc. v. Balusek*, 137 S.W.3d 722, 725 (Tex. App.—San Antonio 2004, no pet.).

"Our duty, as an appellate court, is to consider only the testimony adduced and the evidence tendered and/or admitted at the time of trial." *Vanscot Concrete Co. v. Bailey*, 862 S.W.2d 781, 783 (Tex. App.—Fort Worth 1993), *aff'd*, 894 S.W.2d 757; *see also Noble Exploration, Inc. v.*

*Nixon Drilling, Co.*, 794 S.W.2d 589, 592 (Tex. App.—Austin 1990, no writ) (holding that documents not introduced into evidence at trial may not be considered on appeal). Exhibits attached to pleadings are not evidence in a case until the exhibits are properly introduced and admitted by the presiding authority, whether an arbitrator or a trial court. *See Balusek*, 137 S.W.3d at 725. Rule 34.6 of the Texas Rules of Appellate Procedure further provides the reporter's record consists of the transcript of the proceedings and the exhibits designated by the parties. *See* TEX. R. APP. P. 34.6(a).

Whether the arbitrator improperly considered and ruled on evidence presented by Star Anesthesia regarding the minutes of the December 7, 2016 meeting, and specifically which fees the trial court used to calculate the attorney's fees award, necessarily raises questions of fact-finding based on motions, pleadings, and multiple days of testimony and evidence. In fact, Shah argues that the arbitrator "went completely outside the pleadings and beyond the evidence" and that "there was no proof offered to any conduct prior to December 7, 2016" to "arrive[] at conclusions wholly unsupported by any evidence." However, without a record, this court has "no way of judging whether the misconduct in fact occurred," *GJR Mgmt. Holdings*, 126 S.W.3d at 263, and whether the arbitrator exceeded its authority, *see O'Grady*, 506 S.W.3d at 127. *See also Statewide Remodeling*, 244 S.W.3d at 568 (reiterating counsel's statements regarding what occurred at the hearing do not substitute for a record of those proceedings).

In light of this court's previous holding, when "we have no record to support these allegations . . . we have no way of judging whether the misconduct in fact occurred." *GJR Mgmt. Holdings*, 126 S.W.3d at 263. Because Shah failed to meet his burden to bring forward a record of the arbitration hearing, the record lacks sufficient evidence to support Shah's claims of misconduct and mistake. *Novoa*, 553 S.W.3d at 53; *Statewide Remodeling*, 244 S.W.3d at 569; *GJR Mgmt. Holdings*, 126 S.W.3d at 262–63.

We therefore overrule Shah's appellate issues one and three.

We turn next to Shah's argument regarding whether the trial court erred in awarding attorney's fees only to Star Anesthesia.

**PREVAILING PARTY**

**A.        Standard of Review**

We apply a de novo standard in reviewing a trial court's decision to confirm or vacate an arbitration award; however, judicial review of an arbitration award is extraordinarily narrow. *East Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010).  A party seeking to vacate an arbitration award "may avoid confirmation only by demonstrating a ground expressly listed in [Texas Civil Practice and Remedies Code] section 171.088." *Hoskins v. Hoskins*, 497 S.W.3d 490, 495 (Tex. 2016) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 171.088(a)(3)(A) (requiring proof "the arbitrators exceeded their powers")).

**B.        Arguments of the Parties**

Shah contends that although Star Anesthesia prevailed on some claims, Shah was a prevailing party on Star Anesthesia's counterclaim.  The arbitrator therefore erred in failing to award Shah attorney's fees and costs on the counter claim.  Star Anesthesia contends Shah seeks to rewrite the terms of the parties' agreement.

**C.        Prevailing Party**

Because the arbitration clause contained within the Professional Services Agreement does not define "prevailing party," we must determine what is meant by this term.  When interpreting a contractual attorney's fee provision in which the "prevailing party" term is left undefined, an appellate court "presume[s] the parties intended the term's ordinary meaning." *Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)); *see also Chevron Phillips Chem. Co. LP v.*

*Kingwood Crossroads, LP*, 346 S.W.3d 37, 70 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (noting that "contractual provision entitling a 'prevailing party' to recover attorneys' fees does not distinguish between successful prosecution and successful defense of a claim"). In *Intercontinental Group*, the Texas Supreme Court explained, "to prevail, a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship." 295 S.W.3d at 652. In other words, the prevailing party "must gain something." *Id*.

**D.     Analysis**

The Final Award states that Star Anesthesia "failed to prove" its breach of contract, breach of fiduciary duty, and fraud by nondisclosure claims. Shah contends he was, therefore, the prevailing party on each of these counterclaims and was therefore entitled to attorney's fees pursuant to Rule 47(d). Shah has failed to provide any support or authority for his argument or how Star Anesthesia's failure to prevail on its counterclaims (1) materially altered the legal relationship between Shah and Star Anesthesia or (2) how Shah benefitted or what Shah gained from Star Anesthesia's failure to prevail. *See id*. Accordingly, we conclude Shah was not a prevailing party and the trial court did not err in failing to vacate the arbitration award as to the arbitrator's failure to award Shah attorney's fees.

Lastly, we turn to Shah's argument regarding the statutory support for the award of attorney's fees.

**ATTORNEY'S FEES UNDER THE ARBITRATION AGREEMENT**

**A.     Arguments of the Parties**

Shah argues the attorney's fees are not supported by either the arbitration agreement or the Federal Arbitration Statute. Star Anesthesia contends the parties contracted for the application of the American Arbitration Association's Commercial Rules which authorizes the arbitrator to assess attorney's fees and expenses in the arbitration award.

**B.      Attorney's Fees under the American Arbitration Association**

Rule 47(d)(ii) of the American Arbitration Association provides that an arbitrator's award may include "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." *See* AAA, Commercial Arbitration Rules, Rule 47(d)(ii). The arbitration clause in the parties' agreement provided as follows:

> 27.    Arbitration.   All disputes between the parties hereto in relation to this Agreement, whether as to the construction or operation hereof or the respective rights and liabilities hereunder, shall be decided by binding arbitration in San Antonio, Texas pursuant to the commercial arbitration rules of the American Arbitration Association.

**C.      Analysis**

The arbitrator's authority to decide matters is derived from the arbitration agreement. *See Townes Telecommunications, Inc. v. Travis, Wolff & Co., L.L.P.*, 291 S.W.3d 490, 493 (Tex. App.—Dallas 2009, pet. denied). Here, the arbitration clause provides the commercial arbitration rules of the American Arbitration Association will govern.

As a prerequisite, Rule 47(d) requires all parties request attorney's fees. Here, the arbitrator made such a finding. The issue of attorney's fees was clearly submitted to the arbitrator, and the arbitrator ruled pursuant to the contractual provision and statute allowing for attorney's fees when reaching the issue of attorney's fees. Under these circumstances, we cannot conclude the arbitrator exceeded its authority by awarding attorney's fees to Star Anesthesia. *See D.R. Horton-Texas, Ltd. v. Bernhard*, 423 S.W.3d 532, 535 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *accord Pasadera Builders, LP v. Hughes*, No. 04-17-00021-CV, 2017 WL 6345218, at *4 (Tex. App.—San Antonio Dec. 13, 2017, pet. denied). Accordingly, we overrule Shah's fourth's issue.

**CONCLUSION**

Having overruled each of Shah's issues on appeal, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice
