

# NUMBER 13-20-00160-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SUPERIOR HEALTHPLAN, INC.
AND BANKERS RESERVE LIFE
INS. CO. OF WISCONSON,                                    Appellants,

v.

LEGACY HOME HEALTH AGENCY, INC.,
LEGACY THERAPY CENTER, INC.,
LEGACY HOME CARE SERVICES, INC.,
AND LEGACY ADULT DAY CARE, INC.,                         Appellees.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Superior Healthplan, Inc. and Bankers Reserve Life Ins. Co. of Wisconsin

(collectively, Superior) appeal from a judgment confirming an arbitration award in favor of Legacy Home Health Agency, Inc. (Legacy), Legacy Therapy Center, Inc., Legacy Home Care Services, Inc., and Legacy Adult Care, Inc. (the Ancillary Entities). In what we construe as two separate issues, Superior contends that the arbitrator exceeded his authority by awarding Legacy (1) costs and (2) attorney's fees contrary to the terms of the arbitration agreement. We affirm.

## I.  BACKGROUND

Superior is a managed care organization, and Legacy and the Ancillary Entities are medical providers owned by the same individual. Superior and Legacy entered an "Ancillary Services Provider Agreement" (the Agreement) that contains a Texas choice-of-law provision. The Agreement also contains an arbitration clause, which provides that "[t]he arbitrators shall have no right to . . . ignore the terms of this Agreement and shall be bound by controlling [Texas] law." The clause further provides that "[e]ach party shall bear its own costs related to the arbitration except that the costs imposed by the AAA shall be shared equally." Superior and the Ancillary Entities entered similar agreements.

After the business relationship between Legacy and Superior soured, Superior notified Legacy and the Ancillary Entities that it was terminating their respective contracts "for cause." Legacy and the Ancillary Entities filed suit for breach of contract, alleging that Superior's purported "cause" was pretextual and that the terminations were instead motivated by impermissible retaliation. Superior countersued for breach of contract and declaratory relief, among other claims. The parties entered a Rule 11 Agreement to compel arbitration, and the trial court signed an agreed order to that effect.

2

At the conclusion of an eighteen-day arbitration hearing, the arbitrator found for Legacy on its breach of contract claim, awarding it $3,463,401 in total damages and statutory attorney's fees in an amount to be stipulated by the parties or proven through written submission.[1] The arbitrator also found that Superior had breached its contracts with the Ancillary Entities; however, because the Ancillary Entities failed to prove any damages, the arbitrator ultimately denied their claims. Finally, the arbitrator found against Superior on all its claims, specifically noting in the award that Superior had requested both attorney's fees and costs under the Texas Declaratory Judgment Act.

With the parties unable to agree on the issue of attorney's fees, Legacy and the Ancillary Entities, jointly represented by the same counsel, filed a combined request for fees and costs. Superior filed an objection, arguing that Legacy failed to segregate its fees and costs from the non-prevailing Ancillary Entities in accordance with Texas law. Legacy responded that its claim was inextricably intertwined with those of the Ancillary Entities but allowed that 5% of the work performed was specific to the Ancillary Entities.

The arbitrator largely agreed with Legacy, finding that because the prevailing and non-prevailing parties commonly alleged and proved that Superior wrongfully terminated their contracts in blanket retaliation, the claims were sufficiently intertwined to make precise, discrete, segregation impossible.[2] Based on this finding, the arbitrator concluded that segregation was "not required under Texas law." After reviewing the evidence, however, the arbitrator determined that 10% of the work performed and costs incurred

---

[1] The arbitrator explained the award in a fifty-page written decision.

[2] The arbitrator issued a supplemental award concerning attorney's fees and costs.

3

were specific to the Ancillary Entities, and he reduced the award of attorney's fees and costs to Legacy accordingly.[3]

Legacy moved the trial court to confirm and enter judgment on the award. Superior asked the trial court to vacate the portion of the award concerning attorney's fees and costs, arguing, as it does here, that the arbitrator failed to follow Texas law on segregation of attorney's fees and costs. The trial court confirmed the entire award, and this appeal ensued.

## II.    STANDARD OF REVIEW

A court must confirm an arbitrator's award unless a party offers grounds for vacating, modifying, or correcting the award. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.087, 171.088, 171.091. Among other reasons, a court shall vacate an award when an arbitrator exceeds their power. *Id.* § 171.088(a)(3). A trial court's decision to confirm an arbitration award is reviewed de novo. *O'Grady v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 506 S.W.3d 121, 124 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied).

Texas law strongly favors arbitration. *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) (citing *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995) (per curiam)). "Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *O'Grady*, 506 S.W.3d at 125 (quoting *In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 17 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.)).

---

[3] The Ancillary Entities' requests for attorney's fees and costs were denied.

4

Accordingly, we indulge all reasonable presumptions in favor of the award, and judicial review of an arbitration award is "extraordinarily narrow." *Id.* at 124 (quoting *In re Cantu*, 330 S.W.3d at 17).

### III.    COSTS

By its first issue, Superior argues that because the arbitration agreement required each party to bear its own costs, the arbitrator exceeded his authority by awarding costs to Legacy. Legacy responds that this issue is not properly before us, not only because Superior itself requested costs from the arbitrator, but also because Superior failed to object to the arbitrator or complain to the district court that the agreement prohibited cost shifting. We agree that this issue has been waived.

The arbitration agreement provides that "[e]ach party shall bear its own costs related to the arbitration."[4] Nevertheless, both Legacy and Superior expressly requested an award of costs.[5] In other words, Superior took the position during arbitration that awarding costs was within the contractual scope of the arbitrator's authority. Now, for the first time, Superior contends that the arbitrator never had any such authority.

Error preservation is not unique to trial proceedings; a party challenging an arbitration award on appeal must first raise a timely objection with the arbitrator just "as if the award were a court judgment on appeal." *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101 (Tex. 2011) (*Nafta Traders*); *id.* at 101 n.80 (explaining that Rule 33 of the Texas Rule of Appellate Procedure governs appeals from arbitration awards); *see* TEX. R. APP.

---

[4] Superior concedes in its reply brief that this clause did not limit the arbitrator's authority to award attorney's fees, only costs.

[5] Superior requested $215,000.00 in costs; Legacy requested $178,482.08.

P. 33.1(a)(1) (requiring a timely objection as a prerequisite to presenting a complaint on appeal). Failure to do so constitutes waiver. *Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719–20 (Tex. App.—Dallas 2012, pet. denied) (*Quinn*) (holding on remand that Nafta waived certain points of error by failing to present them to the arbitrator). Additionally, "a party seeking to vacate an arbitration award must present any grounds for doing so to the trial court[;] otherwise, those complaints are waived on appeal." *Black v. Shor*, 443 S.W.3d 154, 163 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied) (citing TEX. R. APP. P. 33.1; *Ewing v. Act Catastrophe–Tex. L.C.*, 375 S.W.3d 545, 549 (Tex. App.—Houston [14th Dist.] 2012, pet. denied)).

Here, Superior did not object to the arbitrator that any award of costs would exceed his authority under the arbitration agreement. *See Quinn*, 360 S.W.3d at 719–20. Likewise, Superior did not raise this as a ground for vacating the award in the district court. *See Black*, 443 S.W.3d at 163. Moreover, whether Superior's conduct amounted to a judicial admission, an invited error, or implicated some other equitable principle, we agree with Legacy that it would be unfair to allow Superior to raise this point on appeal after Superior itself requested an award of costs. *See Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008) (explaining that the judicial admission doctrine prevents the use of self-contradiction in a proceeding to gain an unfair advantage); *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005) (per curiam) ("[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested, a doctrine commonly referred to as 'the invited error' doctrine."); *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet.

6

denied) ("A party cannot submit an issue to the arbitration panel and then, when an unfavorable result occurs, claim the arbitrators exceeded their authority in deciding the issue."). Superior's first issue is waived.

## IV. ATTORNEY'S FEES

It is undisputed that the arbitrator was within his authority to award Legacy attorney's fees as the prevailing party on its breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 38.001(8) (providing for the recovery of reasonable attorney's fees on a valid claim for breach of contract), 171.048(c)(2) (requiring an arbitrator to award attorney's fees if the fees are provided for by law). Rather, by its second issue, Superior contends that the arbitrator exceeded his authority by awarding Legacy more fees and costs than Legacy was entitled to recover under Texas law. As a threshold matter, Superior argues that we are permitted to review the arbitrator's award for legal error because the parties contracted for expanded judicial review.

"In determining whether an arbitrator has exceeded his authority, the proper inquiry is not whether the arbitrator decided an issue correctly, but rather, whether he had the authority to decide the issue at all." *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 431 (Tex. 2017) (citing *Hoskins v. Hoskins*, 497 S.W.3d 490, 494–95 (Tex. 2016)). The arbitrator's authority is derived from the arbitration agreement. *Nafta Traders*, 339 S.W.3d at 90 (citing *City of Pasadena v. Smith*, 292 S.W.3d 14, 20 (Tex. 2009)). Generally, "a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Black*, 443 S.W.3d at 169 (quoting *Centex/Vestal*, 314 S.W.3d at 683). Parties may contract for expanded judicial review of

7

an arbitration award, but there must be a "clear agreement" to do so. *Forest Oil Corp.*, 518 S.W.3d at 432 (quoting *Nafta Traders*, 339 S.W.3d at 101). Otherwise, "the default under the TAA . . . is restricted judicial review." *Nafta Traders*, 339 S.W.3d at 101 (citation omitted).

In *Nafta Traders*—the case relied on by Superior—the arbitration agreement stated that the "arbitrator does not have authority (i) to render a decision which contains a reversible error of state or federal law, or (ii) to apply a cause of action or remedy not expressly provided for under existing state or federal law." *Id.* at 88. The parties thus essentially agreed "to limit [the] arbitrator's power to that of a judge, whose decisions are reviewable on appeal." *Id.* at 93.

Here, Superior contends that the parties contracted for expanded judicial review by agreeing that the arbitrator "shall be bound by controlling [Texas] law." As we recently held, language that merely requires the arbitrator to follow Texas law does not express a clear intent to expand judicial review of arbitration awards. *Sanchez v. Dr.'s Hosp. at Renaissance, Ltd.*, No. 13-19-00365-CV, 2021 WL 266614, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 21, 2021, no pet.) (mem. op.) (citing *Forest Oil Corp.*, 518 S.W.3d at 432); *see also Midani v. Smith*, No. 09-18-00009-CV, 2018 WL 5660571, at *4 (Tex. App.—Beaumont Nov. 1, 2018, pet. denied) (mem. op.) (agreement that arbitrator's decision would be "governed by" Texas law did not expand judicial review); *Holmes Builders at Castle Hills, Ltd. v. Gordon*, No. 05-16-00887-CV, 2018 WL 1081635, at *3–4 (Tex. App.—Dallas Feb. 28, 2018, no pet.) (mem. op.) (agreement that arbitrator "shall apply" Texas law did not expand juridical review). Thus, without reaching the merits of the

arbitrator's award, we determine that the parties did not contract for expanded judicial review. *See Sanchez*, 2021 WL 266614, at *4. Superior's second issue is overruled.[6]

## V. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
24th day of March, 2022.

---

[6] Before the appellate record was filed in this case, Superior provided the Court with paper copies of exhibits, totaling 920 pages, that it purportedly tendered in camera to the district court in support of its motion for partial vacatur. On April 15, 2020, Legacy filed a motion to strike, correctly noting that our review is confined to the appellate record filed by the district clerk and the court reporter. *See Bedford v. Spassoff*, 520 S.W.3d 901, 906 (Tex. 2017) (per curiam) (citing TEX. R. APP. P. 34.5–.6). Superior responded that it had merely filed "courtesy copies" and that Legacy's motion was "premature" because it expected the exhibits to be included in the appellate record.

The appellate record subsequently filed with the Court did not include any of the exhibits. We abated the appeal and remanded the matter to the district court to determine whether the record was complete. The district court found that the appellate record filed with this Court accurately reflected the proceedings before the district court and that no supplementation of the record was necessary or appropriate. Accordingly, we grant Legacy's motion to strike and note that our review was limited to the appellate record. *See id.*