

# NUMBER 13-23-00229-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KENTON MCDONALD,                                             Appellant,

v.

BRANSCOMB, P.C. ET AL.,                                      Appellees.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 3
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Kenton McDonald filed a notice of appeal challenging an order

confirming an arbitration award and final judgment rendered in favor of appellees

Branscomb, P.C., James Clancy, Keith Sieczkowski, Michael Stukenberg, Omar Leal, James Robichaux, Shannon Wilde, and Jeffrey Dickerson. By one issue, McDonald asserts that the trial court erred by compelling arbitration because the arbitration clause at issue was illusory. We affirm.

## I.   BACKGROUND

On December 21, 2018, McDonald filed an application for temporary restraining order and temporary injunction against Branscomb, P.C. (the firm). McDonald alleged, *inter alia*, that his employment with the firm was wrongfully terminated and he sought injunctive and monetary relief. On December 27, 2018, the firm filed a motion to compel arbitration under the Federal Arbitration Act pursuant to its "Shareholder and Employment Agreement" (Shareholder Agreement) which provides in relevant part:

(a)   Any claims or disputes between or among the shareholders in any way related to the business of the [f]irm, their employment as shareholders, the Shareholders Agreement or the Bylaws of [the firm], including those based on statute or common law, shall be resolved through confidential binding arbitration as the exclusive means of redress.

(b)   Arbitration shall be conducted pursuant to the applicable rules of the American Arbitration Association.

The firm requested the trial court to order McDonald's claims to arbitration, to stay or dismiss his lawsuit pending the results of the arbitration, and to award the firm its reasonable attorney's fees and other costs.

On January 2, 2019, the trial court denied McDonald's application for temporary restraining order and application for temporary injunction. On March 4, 2019, McDonald filed an original petition against the law firm and various officers and directors of the firm,

2

again raising claims regarding wrongful termination and adding claims for breach of fiduciary duty, defamation, and commercial or business disparagement. On April 22, 2019, the remaining appellees also filed a motion to compel arbitration based on the Shareholder Agreement.

On May 20, 2019, McDonald filed a response to the firm's motion to compel arbitration. McDonald asserted that the arbitration clause in the Shareholder Agreement was illusory, arguing in relevant part:

> The express language of this Shareholder Agreement allows the shareholders—**without limitation**—to unilaterally amend [the firm's] arbitration clause (including but not limited to a termination of the arbitration clause) with three-quarters vote of the shareholders. Judicial authority makes clear that such an open-ended agreement to arbitrate renders an arbitration clause illusory—and thus unenforceable. More specifically:
>
> 1. There are no terms of the Shareholder Agreement that limit [the firm] shareholders' ability to modify their arbitration clause as to only "prospective claims." This feature of the Shareholder Agreement—taken alone—requires a determination by Your Honor that the arbitration clause of the . . . Shareholder Agreement is illusory (per state and federal judicial authority).
>
> 2. Moreover, any amendment to the . . . Shareholder Agreement (by its express terms) "shall be effective without the joinder of each party hereto" (thereby giving no "advance notice to the employee" of any approved termination or amendment of the arbitration clause). This express provision of the Shareholders Agreement—again, even taken alon[e]—requires a determination by Your Honor that the arbitration clause of the . . . Shareholder Agreement is illusory (per state and federal judicial authority).
>
> All judicial authority confirms that an illusory agreement is not enforceable. Thus, if the Court favors *either* argument (and both are absolutely true), then [appellees' m]otions are properly denied.

The parties thereafter filed amended and responsive pleadings and engaged in discovery.

On January 23, 2020, the trial court held a hearing on the motions to compel

arbitration. That same day, the trial court granted the appellees' motion to compel arbitration and ordered the parties to "proceed to arbitration on all claims between them" in accordance with the terms of the Shareholder Agreement. The trial court stayed its proceedings pending the conclusion of the arbitration.

The parties arbitrated with the American Arbitration Association (AAA), and the arbitration hearing was held from February 27, 2023, through March 1, 2023. On April 17, 2023, the arbitrator issued an award pursuant to which McDonald took nothing on his claims against the appellees and which awarded appellees their attorney's fees. On April 18, 2023, the appellees filed a motion to confirm the arbitration award and for entry of a final judgment. McDonald filed a response to the appellees' motion arguing, in relevant part, that "[n]o judgment may be entered given that there is no enforceable agreement to arbitrate." However, McDonald did not file a separate motion seeking vacatur of the arbitration award. The parties thereafter filed additional briefing in support of their opposing arguments.

On May 16, 2023, the trial court signed an order confirming the arbitration award and final judgment. McDonald filed a motion for new trial on grounds that the arbitration agreement was unenforceable, and appellees filed a response thereto. The trial court did not issue a ruling on the motion for new trial. This appeal ensued.

## II.    ARBITRATION AWARDS

"Subjecting arbitration awards to judicial review adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). "Because Texas

4

law favors arbitration, judicial review of an arbitration award is extraordinarily narrow." *E. Tex. Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010). We apply a de novo standard of review for orders confirming or vacating arbitration awards. *Moody Nat'l Grapevine MT, LP v. TIC Grapevine 2, LP*, 651 S.W.3d 450, 454 (Tex. App.—Houston [14th Dist.] 2022, pet. denied); *Guillen-Chavez v. ReadyOne Indus., Inc.*, 588 S.W.3d 281, 286 (Tex. App.—El Paso 2019, pet. denied); *Denbury Onshore, LLC v. Texcal Energy S. Tex., L.P.*, 513 S.W.3d 511, 515 (Tex. App.—Houston [14th Dist.] 2016, no pet.). "We indulge every reasonable inference to uphold the arbitration award." *Guillen-Chavez*, 588 S.W.3d at 286. "Our review of the award is 'extraordinarily narrow' and does not encompass the decision on the merits." *Id.* (quoting *Garza v. Phelps Dodge Ref. Corp.*, 262 S.W.3d 514, 517 (Tex. App.—El Paso 2008, no pet.)). A party seeking to vacate an arbitration award bears the burden of presenting a complete record that establishes grounds for vacating the award. *Ctr. Rose Partners, Ltd. v. Bailey*, 587 S.W.3d 514, 528–29 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Shah v. Star Anesthesia, P.A.*, 580 S.W.3d 260, 265 (Tex. App.—San Antonio 2019, no pet.); *O'Grady v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, 506 S.W.3d 121, 125 (Tex. App.—Corpus Christi–Edinburg 2016, pet. denied). In the absence of a complete record, the appellate court will presume the evidence was adequate to support the award. *Ctr. Rose Partners, Ltd.*, 587 S.W.3d at 528–29; *see In re Guardianship of Cantu de Villarreal*, 330 S.W.3d 11, 24 (Tex. App.—Corpus Christi–Edinburg 2010, no pet.).

### III.     ANALYSIS

In his sole issue, McDonald asserts that the trial court abused its discretion by

compelling arbitration because the arbitration clause at issue is illusory. In addition to attacking the merits of McDonald's claims, the appellees also contend that McDonald waived this issue by, among other things, failing to bring forward a full record of the arbitration proceedings and by failing to raise this objection therein. In his reply brief, McDonald asserts that the appellees' theories of waiver do not apply to the facts of this case because he is entitled to appeal the trial court's initial ruling on the motion to compel arbitration after final judgment.

We agree with McDonald that a party may challenge the granting of an order compelling arbitration on appeal from the final judgment. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 387 (Tex. 2020); *Perry Homes v. Cull*, 258 S.W.3d 580, 586 (Tex. 2008); *Chambers v. O'Quinn*, 242 S.W.3d 30, 32 (Tex. 2007) (per curiam). However, the supreme court has instructed us to apply our normal rules regarding preservation of error in such a review:

> A court must have a sufficient record of the arbitral proceedings, and complaints must have been preserved, all as if the award were a court judgment on appeal. For efficiency's sake, arbitration proceedings are often informal; procedural rules are relaxed, rules of evidence are not followed, and no record is made. These aspects of arbitration, which are key to reducing costs and delay in resolving disputes, must fall casualty to the requirements for full judicial review. The parties can decide for themselves whether the benefits are worth the additional cost and delay, but the only review to which they can agree is the kind of review courts conduct. If error cannot be demonstrated, an award must be presumed correct.

*Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 101–02 (Tex. 2011) (internal footnotes omitted); *see DeAnder & Felhaber, LP v. Montgomery*, 615 S.W.3d 352, 359 (Tex. App.— El Paso 2020, pet. denied). In a footnote, the supreme court advised us that "the requirements for preserving complaints and for the record are set out, respectively, in

6

Rules 33 and 34 of the Texas Rules of Appellate Procedure" and stated that "[a]lthough these rules are not written for appeals from arbitration awards, their principles should govern such appeals." *Nafta Traders, Inc.*, 339 S.W.3d at 101 n.80; *see* TEX. R. APP. P. 33 (governing the preservation of appellate complaints), 34 (prescribing the contents of the appellate record).

Thus, a party is generally required to present a complaint to the arbitrator by timely request, objection, or motion with sufficient specificity to preserve the right to judicial review. *Quinn v. Nafta Traders, Inc.*, 360 S.W.3d 713, 719 (Tex. App.—Dallas 2012, pet. denied); *see* TEX. R. APP. P. 33.1(a)(1); *see also Lorant v. 2016 Parkview Condos. Dev. LLC*, No. 02-22-00032-CV, 2022 WL 16845110, at *3 (Tex. App.—Fort Worth Nov. 10, 2022, no pet.) (mem. op.); *Superior Healthplan, Inc. v. Legacy Home Health Agency, Inc.*, No. 13-20-00160-CV, 2022 WL 868530, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (mem. op.). A party may not participate in arbitration and then collaterally attack that procedure on grounds not raised before the arbitrator when the result is adverse. *Load Trail, LLC v. Julian*, 622 S.W.3d 472, 478 (Tex. App.—Texarkana 2021, no pet.); *Quinn*, 360 S.W.3d at 719; *Skidmore Energy, Inc. v. Maxus (U.S.) Expl. Co.*, 345 S.W.3d 672, 684 (Tex. App.—Dallas 2011, pet. denied).

Based on the foregoing, McDonald's objection to arbitration, which was raised in the trial court before it compelled arbitration, and again, after the arbitrator issued its award, was not alone sufficient to preserve error regarding his complaints that the arbitration provision in the Shareholder Agreement was illusory. *See Nafta Traders, Inc.*, 339 S.W.3d at 101. McDonald was required to raise this objection to the arbitrator. *See*

*Quinn*, 360 S.W.3d at 719; *see also Lorant*, 2022 WL 16845110, at *3; *Superior Healthplan, Inc.*, 2022 WL 868530, at *2. Moreover, we would reach the same conclusion based on the rules governing the parties' arbitration. The parties arbitrated under the Employment Arbitration Rules and Mediation Procedures promulgated by the AAA. These rules provide the following regarding the arbitrator's jurisdiction:

    a.    The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

    b.    The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

    c.    A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

Arbitration is based on the contract between the parties; the arbitrator's powers are derived from that contract; and the courts and the arbitrator must "give effect to the contractual rights and expectations of the parties." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989); *see Robinson v. Home Owners Mgmt. Enters.*, 549 S.W.3d 226, 240 (Tex. App.—Fort Worth 2018), *aff'd*, 590 S.W.3d 518 (Tex. 2019); *see also Sousa v. Goldstein Faucett & Prebeg, LLP*, No. 14-20-00484-CV, 2022 WL 2976820, at *13 (Tex. App.—Houston [14th Dist.] July 28, 2022, no pet.) (mem. op.). Here, the rules by which the parties agreed to arbitrate devoted the issue of arbitrability to the arbitrator and expressly required McDonald to object to the arbitrator's

jurisdiction or the arbitrability of a claim during the arbitration process. *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mex., LLC*, 667 S.W.3d 694, 712 (Tex. 2023) ("We thus hold that, as a general rule, an agreement to arbitrate disputes in accordance with rules providing that the arbitrator 'shall have the power' to determine 'the arbitrability of any claim' incorporates those rules into the agreement and clearly and unmistakably demonstrates the parties' intent to delegate arbitrability issues to the arbitrator.").

As stated previously, we lack a record of the arbitration proceeding, thus there is nothing to show that McDonald preserved his objection that the arbitration agreement was illusory by raising this objection with the arbitrator. *See Ctr. Rose Partners, Ltd.*, 587 S.W.3d at 528–29; *Shah*, 580 S.W.3d at 265. Under these circumstances, McDonald may not participate in arbitration and then collaterally attack that procedure or its results on grounds not raised before the arbitrator. *See Load Trail, LLC*, 622 S.W.3d at 478; *Quinn*, 360 S.W.3d at 719; *Skidmore Energy, Inc.*, 345 S.W.3d at 684. Accordingly, we overrule the sole issue raised in this appeal.

## IV.    CONCLUSION

Having overruled McDonald's issue on appeal, we affirm the judgment of the trial court.

CLARISSA SILVA
Justice

Delivered and filed on the
22nd day of August, 2024.

9